# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CORY ALAN EDWARDS et al.**                                                  **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 1:17-CV-P137-GNS**

**WARREN COUNTY REGIONAL JAIL et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action originally brought by three convicted prisoners, Cory Alan Edwards, Mason Byrn, and Brandon Whitlow, pursuant to 42 U.S.C. § 1983. Brandon Whitlow and the claims against him have been dismissed from this action. The claims alleged in the complaint by the remaining two Plaintiffs, Cory Alan Edwards and Mason Byrn, are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Eighth Amendment deliberate indifference claim regarding failure to provide Plaintiff Edwards with new glasses will proceed against Defendant Laslee in her individual capacity. All other claims and Defendants will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiffs are incarcerated at the Warren County Regional Jail (WCRJ). They bring this action against the following five Defendants: (1) WCRJ; (2) the WCRJ "Medical Department"; (3) WCRJ Jailer Stephen Harmon; (4) WCRJ Deputy Jailer Missie Causey-Edmonds; and (5) Talana Laslee, WCRJ "Head Nursing Staff." Plaintiff sues the three individuals in both their official and individual capacities.

Plaintiff Edwards first alleges that since June 2017, he has requested new prescription glasses because his old ones were broken. He states that he has "blarrie vision & bad head aches

too due to [his] Eye Presciptions being over 5-years old." Plaintiff Edwards states that he has "repeatly filed/filled Medical Request to be Treated" and that Defendant Laslee has refused to give him proper treatment and stated that she "wasn't going to get [him] no New Prescription Glasses unless The Kentucky Department of Corrections tell her other wise." Plaintiff Edwards further states that he brought this matter to the attention of Defendants Harmon and Causey-Edmonds and "they Refuse to get nothing done about my medical issue." Plaintiff also states that he filed a grievance on June 27, 2017, about this issue, but that he "got nothing back, not even a Comment/Response." Plaintiff attached this grievance to his complaint. In the grievance, Plaintiff states that he is "having extreme head aches and having difficulties seeing out of [his] broken glasses due to [his] eye scriptions being over 5-years-old" (DN 1-3, p. 3). Plaintiff further states in this grievance that this violates his rights as a "state inmate." In the response section of the grievance there is a comment dated July 7, 2017, which reads as follows: "I/M currently has glasses and does not meet criteria to go to outside appointment" (DN 1-3, p. 4).

Plaintiffs Edwards and Byrn each allege that they are being "housed on the floor . . . with only 1-mattress and not 6 inches off the ground which is Required by State law which states (State prisoners [are] to be housed off the floor 6-inches or be pervided a Stacker Bunk to keep [them] 6 inches off the floor." Plaintiffs state that this constitutes "Cruel Punishment." Plaintiffs further claim that this condition also violates Plaintiff Byrn's rights because he is a "Diabetic with Diabetic Ulcers" and diabetics are not supposed to be housed on the floor.

As relief, Plaintiffs request compensatory and punitive damages and injunctive relief in the form of release from incarceration.

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant WCRJ Medical Department

Under § 1983, "person" includes individuals, municipal corporations, and "other bodies politic and corporate." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 689-90 & n.55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). "A prison's medical department is not an entity with a corporate or political existence . . . . [Therefore] medical departments are not 'persons' under § 1983." *Hix v. Tenn. Dep't. of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006); *see also Downer v. Bolton*, No. 3:17-CV-P341-CRS, 2017 WL 3082676, at *3 (W.D. Ky. July 19, 2017) (dismissing the plaintiff's claim against the LMDC Classification Department because it was not a person subject to being sued under § 1983); *Benberry v. Dir. of Louisville Metro. Corr.*, No. 3:06-CV-P520-S, 2007 WL 2229389, at *3 (W.D. Ky. July 27, 2007) (dismissing plaintiff's claims against the jail Medical Department because it is not a legal entity subject to being sued); *Sullivan v. Hamilton Cty. Jail Staff*, No. 1:05-CV-320, 2006 WL

1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued).

Thus, Plaintiffs' claims against the WCRJ "Medical Department" will be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant WCRJ and Plaintiffs' Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 690 n.55). Plaintiffs' official-capacity claims against Defendants Harmon, Causey-Edmonds, and Laslee are actually against their employer, Warren County. *Id.* at 166; *see also Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Further, the WCRJ is not a "person" subject to suit; thus, suing Defendant WCRJ is also the equivalent of suing Warren County. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (finding that the jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992). Regarding the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The Court will first address the second issue, *i.e.*, whether Warren County is responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("A municipality may be held liable under § 1983 if the municipality itself caused the constitutional deprivation."). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d at 889. Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government

body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiffs have not alleged that a municipal policy or custom of Warren County caused their alleged harm. As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County, the complaint fails to establish a basis of liability against Warren County, and it fails to state a cognizable § 1983 claim.

Accordingly, the claims against the WCRJ and the official-capacity claims brought against Defendants Harmon, Causey-Edmonds, and Laslee will be dismissed for failure to state a claim upon which relief may be granted.

## C. Individual-Capacity Claims

### 1. Sleeping on Non-Elevated Mattresses

Both Plaintiffs claim that their rights are being violated because they are subjected to sleeping on one-inch mattresses on the floor instead of something that keeps them at least six inches off the floor. This allegation does not state a claim of constitutional dimension because a prisoner has no right to sleep on an elevated bed. *See Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ( "We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (The plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."); *Graves v. Boyd*, No. 5:16-CV-P51-TBR, 2016 WL 4386102, at *5 (W.D. Ky. Aug. 15, 2016) (recognizing that "a prisoner has no constitutional right to sleep on an elevated bed"); *see also Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (finding that forcing pretrial detainees to sleep on a mattress on the floor for three

7

to seven months due to overcrowding is not a constitutional violation); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (holding that a seven-day deprivation of a mattress and bedding did not violate the Eighth Amendment); *Wells v. Jefferson Cty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation).

Moreover, although Plaintiffs allege that requiring them to sleep on a thin mattress that does not keep them at least six inches off the floor violates a state law, § 1983 does not provide liability for violations of state law. *Neinast v. Bd. of Trs. of Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) ("The statute [§ 1983] is . . . limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law."); *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F. 2d 710, 714 (6th Cir. 1989) (same); *Williams v. Van Buren Twp.*, 925 F. Supp. 1231, 1237 (E.D. Mich. 1996) ("Obviously, 42 U.S.C. § 1983 does not provide a cause of action against a state official for a violation of state law."); *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

For these reasons, Plaintiffs' allegations that they are required to sleep on thin mattresses placed on the floor fail. Thus, the claims regarding sleeping on a non-elevated mattress will be dismissed for failure to state a claim upon which relief may be granted. Further, this being the only claim brought by Defendant Byrn, he will be dismissed from this action.

### 2. Failure to Provide New Eyeglasses

Plaintiff Edwards alleges that Defendant Laslee refused to provide him with new prescription glasses even though his current glasses are broken, over five-years old, and cause him "blarrie vision & bad head aches." The denial of prescription glasses may result in a sufficiently serious harm under the Eighth Amendment. *See, e.g.*, *Tormasi v. Hayman*, 452 F. App'x 203, 206 (3d Cir. 2011); *Koehl v. Dalsheim*, 85 F.3d 86, 87-88 (2d Cir. 1996); *Bethel v. Smith*, No. 3:13CV692-HEH, 2015 WL 2256581 (E.D. Va. May 13, 2015); *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430915, at *9 (E.D. Va. Aug. 16, 2013).

Upon consideration, the Court will allow the claim regarding failure to provide Plaintiff with new eyeglasses to proceed against Defendant Laslee.

Plaintiff Edwards also claims that Defendants Harmon and Causey-Edmonds should be liable for this alleged constitutional violation because he brought this matter to their attention and "they Refuse to get nothing done about my medical issue." Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior."). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d at 421 ("There must be a strong showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."). Thus, for supervisors, such as Defendants Harmon and Causey-Edmonds to be held liable under § 1983, they must have had personal involvement in the alleged unconstitutional conduct in order to be held liable for the

conduct about which Plaintiff Edwards complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Further, a prison official cannot be held liable under § 1983 either for denying administrative grievances or for failing to remedy alleged unconstitutional behavior, because such actions are not equivalent to "approv[ing] or knowingly acquiesc[ing] in the unconstitutional conduct," for which supervisors can be liable. *Shehee*, 199 F.3d at 300. This concept holds true even if the supervisors have actual knowledge of the alleged constitutional violation, as Plaintiff Edwards alleges in this case, and even if the supervisors were involved in denying a grievance which raised the alleged constitutional violations. *Id*. ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'") (citation omitted); *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that Martin failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act").

Therefore, the claims against Defendants Harmon and Causey-Edmonds alleging a failure to provide Plaintiff Edwards with new eyeglasses will be dismissed.

### D. Injunctive Relief

Finally, the Court notes that, in addition to monetary damages, Plaintiffs seek injunctive relief in the form of release from incarceration. However, where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiffs' claims for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) The claims against the WCRJ Medical Department are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) The claims against the WCRJ are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(3) The official-capacity claims against Defendants Harmon, Causey-Edmonds, and Laslee are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4) The individual-capacity claims against Defendants Harmon, Causey-Edmonds, and Laslee alleging Plaintiffs are not provided elevated beds are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(5) The claims against Defendants Harmon and Causey-Edmonds in their individual capacity regarding the failure to provide Plaintiff Edwards with new eyeglasses are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(6) Plaintiffs' claims for injunctive relief seeking release from incarceration are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(7) There being no remaining claims against them, Defendants WCRJ Medical Department, WCRJ, Harmon, and Causey-Edmonds are **DISMISSED** from this action; and

(8) Plaintiff Byrn is **DISMISSED** from this action since all of the claims brought by him have been dismissed.

The **Clerk of Court** is **DIRECTED** to terminate WCRJ Medical Department, WCRJ, Harmon, and Causey-Edmonds as Defendants and Byrn as a Plaintiff from the docket of this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment deliberate indifference claim regarding failure to provide Plaintiff Edwards with new eyeglasses will proceed against Defendant Laslee in her individual capacity.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claim.

Date: January 11, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
Defendants
Warren County Attorney
4416.003